UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| SARAIL MICHAEL ARCHILLA, et al, | } |
| Petitioners, | } |
| v. | } Case No.: 4:20-cv-00596-RDP-JHE |
| DIANNE WITTE, et al., | } |
| Respondents. | } |

## ORDER

This matter is before the court on its review of Petitioners' Amended Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief (Doc. # 1), which was originally filed in Petitioner Williams's case pending before Judge Kallon. (Case No. 4:20-cv-00304-AKK-JHE, Doc. # 11). In light of the court's review of that Amended Petition, it is **ORDERED** as follows that **on or before June 12, 2020**, counsel are **DIRECTED** to meet and confer, and **on or before June 19, 2020**, they **SHALL** file a joint report, addressing the following issues:

1. Is Petitioner Williams a party to this case?

2. Should an Amended Petition, or Petitions, be filed?

3. Should Petitioners' claims be severed into separate actions?

4. Should Petitioners' legal claims be re-pled (particularly Counts One and Two, which do not state the vehicle by which the Fifth Amendment claims are plead)?

5. Have Petitioners complied with Judge Kallon's March 6, 2020 Order regarding deficient pleading in Case No. 4:20-cv-00304-AKK-JHE? That is, have Petitioners filed applications to proceed *in forma pauperis* or paid the filing fee of $5.00?

        Petitioners were warned that failure to correct that deficiency within thirty days of March 6, 2020 would result in dismissal for want of prosecution. (*See* Case No. 4:20-cv-00304-AKK-JHE, Doc. # 4).

6. How do matters occurring in *Fraihat v. U.S. Immigr. & Customs Enf't*, 2020 WL 1932570 (C.D. Cal. Apr. 20, 2020) impact Petitioners' Rehabilitation Act claims?

7. Have Petitioners Williams (who has a case before Judge Kallon) and Hernandez (who is a party in *Fraihat*), and possibly other Petitioners, impermissibly split their claims? *See Vanover v. NCO Financial Services, Inc.*, 857 F.3d 833, 843 (11th Cir. 2017). In particular, do other Petitioners have pending *Zadvydas*[1] claims?

8. Based on the court's May 15, 2020 Memorandum Opinion, should Petitioners' Section 2241 claims be dismissed for lack of jurisdiction?

9. How this case should proceed?

10. Along with their Joint Report, the parties should include a Federal Rule of Civil Procedure 26(f) Report.

**DONE** and **ORDERED** this May 21, 2020.

                                              **R. DAVID PROCTOR**
                                              UNITED STATES DISTRICT JUDGE

---

[1] *Zadvydas v. Davis*, 533 U.S. 678 (2001).